IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAVIS L. DAY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-22-00944-PRW |
| SCOTT CROW, | ) ) ) |
| Respondent. | ) |

## **ORDER**

Before the Court is United States Magistrate Judge Gary M. Purcell's Report and Recommendation (Dkt. 6) and Plaintiff Chavis L. Day's objections (Dkt. 7). Having reviewed the Report and Recommendation *de novo*, the Court agrees with its reasoning and conclusions and **ADOPTS** the Report and Recommendation (Dkt. 6) in its entirety.

### *Background*

In 2007, Day was convicted of Shooting with Intent to Kill and Attempted Robbery with a Weapon in Beckham County District Court, Case No. CF-2006-346. On November 1, 2022, Day filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Dkt. 1). Day asserts that because he is Indian and his underlying crimes were committed on Indian land, the resulting criminal proceedings were within the exclusive jurisdiction of the federal government pursuant to the Supreme Court's decision

1

in *McGirt v. Oklahoma*.[1] After reviewing the matter, the Magistrate Judge recommended that the Court dismiss the action without prejudice based on the statute of limitations.

## *Legal Standards*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] An objection that only reasserts arguments raised in the underlying motion is often "insufficiently specific to preserve the issue for de novo review."[5] Because Plaintiff is proceeding *pro se*, the Court construes his objections and filings liberally without serving as his advocate.[6]

Under the Antiterrorism and Effective Death Penalty Act, habeas petitioners in state custody generally have a one-year limitations period to bring a claim.[7] The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] 591 U.S. 894 (2020).

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.*

[5] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *id.* at 1060).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[8]

If the petitioner does not allege facts implicating subsections (B)–(D), then the limitation period generally runs from the date "on which the judgment became final[.]"[9]

### *Analysis*

As the Magistrate Judge correctly observes, Day was sentenced in 2007, the Oklahoma Court of Criminal Appeals affirmed his conviction on November 19, 2008, and Day's conviction became "final" on February 17, 2009, when the 90-day period for him to file a petition for writ of certiorari with the United States Supreme Court expired. The Magistrate Judge also correctly concluded that because *McGirt* does not recognize a new constitutional right, Section 2244(d)(1)(C) does not operate to extend Day's statute of limitations period. Thus, unless grounds for statutory or equitable tolling exist, Day's one-year filing period expired well over a decade ago.

Day's objections predominately elaborate on his general constitutional law discussions on treaties and state jurisdiction that he initially raised in his Petition and that the Magistrate Judge addressed in his Report and Recommendation. Liberally construed,

---

[8] 28 U.S.C. § 2244(d)(1).

[9] *Id.*; *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

however, Day does raise two specific objections to the Report and Recommendation. He argues that: (1) Oklahoma lacked jurisdiction to convict him in the first place, therefore his conviction was not final and (2) he is entitled to equitable tolling. Neither argument prevails.

**I.      Day's Petition is time-barred.**

Day first argues that under *McGirt*, Oklahoma lacked jurisdiction to convict him in the first place, meaning that his conviction could not have been final. He is mistaken. Section 244(d)(1)(A) provides that a state court judgment is final when "the petitioner can no longer seek review of that judgment."[10] And under Tenth Circuit precedent, "a habeas claim predicated on a convicting court's lack of subject matter jurisdiction 'is subject to dismissal for untimeliness.'"[11] Such challenges "are considered due process challenges, subject to [the Antiterrorism and Effective Death Penalty Act's] limitations period."[12] Thus, his time to challenge his conviction based on a lack of jurisdiction expired a year after his conviction became final.

Day does not otherwise dispute the Magistrate Judge's conclusion that Day's conviction became final when the period for him to file a writ of certiorari with the Supreme Court expired. Nor does Day challenge the Magistrate Judge's finding that *McGirt* does not trigger Section 244(d)(1)(C) to extend his conviction's finality date. Accordingly,

---

[10] *Greene v. Nunn*, 606 F. Supp. 3d 1108, 1114 (N.D. Okla. 2022).

[11] *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (collecting Tenth Circuit cases).

[12] *Id.* (collecting cases).

Having carefully reviewed the Report and Recommendation *de novo*, the Court agrees with Judge Purcell's well-reasoned findings and conclusions and finds that Day's Petition is time-barred.

## II.   Day is not entitled to statutory or equitable tolling.

Because the one-year statute of limitations has run, Day can only proceed if some form of tolling applies. Day only argues that he is entitled to equitable tolling, and the Court concurs with the Magistrate Judge's conclusion that there are no grounds for statutory tolling. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[13] Equitable tolling is available only "in rare and exceptional circumstances."[14] Additionally, a "credible showing of actual innocence" may overcome the expiration of the statute of limitations.[15]

Day maintains that he is entitled to equitable tolling because of the pre-*McGirt* "misunderstanding" regarding state jurisdiction over crimes committed by Indians on Indian land.[16] He asserts that "it is patently unfair when a defendant is convicted of a crime in a court without jurisdiction" and that a petitioner is unable "to seek habeas corpus relief simply because his judgment and sentence was 'final' too long ago" because "[i]n such

---

[13] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).

[14] *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

[15] *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013).

[16] Objection (Dkt. 7), at 4.

cases, we cannot know whether the judgment of conviction is just or whether the sentence meted out is just."[17] He also argues that it is unfair for government agents "to not be held accountable for knowledge of reservation status when, for equitable tolling purposes, habeas petitioners are[.]"[18] But such circumstances do not support equitable tolling.[19] Even assuming that Day has been pursuing his rights diligently, he has not shown that extraordinary circumstances prevented his timely filing. And liberally construed, Day does not suggest that he is actually innocent of the crimes for which he was convicted. Accordingly, Day has not shown that he is entitled to equitable tolling.

## *Conclusion*

Accordingly, having carefully considered the record and reviewed the Report and Recommendation *de novo*, the Court agrees with the well-reasoned Report and Recommendation (Dkt. 6) and **ADOPTS** it in its entirety. The Court therefore **DISMISSES** the action **WITHOUT PREJUDICE**.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right."[20] If a "district court denies a

---

[17] *Id.*

[18] *Id.* at 5.

[19] *See, e.g.*, *Caldwell v. Dowling*, No. CIV-22-00340-JD, 2022 WL 3594905, at *4 (W.D. Okla. Aug. 23, 2022), *appeal dismissed*, No. 22-6185, 2023 WL 2705229 (10th Cir. Mar. 30, 2023).

[20] 28 U.S.C. § 2253(c)(2).

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," it should issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that of jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[21] Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, the Court **DENIES** a COA.

      **IT IS SO ORDERED** this 28th day of October 2024.

                                                    PATRICK R. WYRICK
                                                    UNITED STATES DISTRICT JUDGE

---

[21] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).